FILED by ___ D.C.
ELECTRONIC

Jan 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: 02-23425-CIV-MARTINEZ / KLEIN

KSL HOTEL CORP.,

    Plaintiff,

vs.

HOTEL GENPAR, LTD., *et al.*,

    Defendants.
_____/
HOTEL GENPAR, LTD., *et al.*,

    Counter-Plaintiffs,

v.

KSL HOTEL CORP.,

    Counter-Defendant.
_____/
HOTEL GENPAR, LTD., *et al*,

    Third-Party Plaintiffs,

v.

MERISTAR HOTELS & RESORT
OPERATING COMPANY, L.P.,

    Third-Party Defendant.
_____/

### COUNTER-DEFENDANT AND THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM AND THIRD-PARTY COMPLAINT AND <u>INCORPORATED MEMORANDUM OF LAW</u>

Counter-Defendant, KSL HOTEL CORP. (hereinafter "KSL") and Third-Party Defendant, MERISTAR H&R OPERATING COMPANY, L.P. (hereinafter "MeriStar"), through undersigned counsel and pursuant to Rule 56, Fed. R. Civ. P., and Local Rule 7.5, S.D. Fla. L.R., move for summary judgment against Counter-Plaintiffs, HOTEL GENPAR,

KSL Hotel Corp. v. Hotel Genpar, Ltd., et al.
Case no. 02-23425-CIV-MARTINEZ / DUBÉ

LTD., and HOTEL GENERAL PARTNER, INC. (hereinafter "Counter-Plaintiffs") on their Counterclaim and Third-Party Complaint as follows:

## ***CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS***

1. Counter-Defendant KSL Hotel Corp. is a Delaware corporation with its principal place of business at 4400 N.W. 87th Avenue, Miami, Florida 33178 where KSL operates the Doral® Golf Resort & Spa. (Counterclaim & Answer ¶ 3)

2. Third-Party Defendant MeriStar H&R Operating Company, L.P. is a Delaware limited partnership with a principal place of business in Washington, D.C. and registered to do business as a foreign limited partnership in the State of Florida. (Counterclaim & Answer ¶ 4)

3. Counter-Plaintiff Hotel Genpar, Ltd. is a Florida limited partnership with its principal place of business at Miami, Florida. (Complaint & Answer ¶ 5)

4. Counter-Plaintiff Hotel General Partner, Inc. is a Florida corporation with its principal place of business at Miami, Florida. Hotel General Partner, Inc. is a general partner of Hotel Genpar, Ltd. (Complaint & Answer ¶ 5)

5. The Doral® mark identifying the Doral® Golf Resort and Spa in West Miami is duly registered with the United States Patent and Trademark Office as an incontestable mark and assigned to MeriStar. See Exhibits A & B, certified copy of USPTO file and assignment to MeriStar, filed separately as Appendix (due to electronic filing page limitation). The Doral® mark is incontestable in that MeriStar's predecessor filed the required affidavits under 15 U.S.C. § 1065 and the United States Patent and Trademark Office acknowledged those filings. See Exhibit A at p. 61.

6. MeriStar owns the Doral® federal trademark, registration number 1,338,517. (Counterclaim & Answer ¶ 5)

2

KSL Hotel Corp. v. Hotel Genpar, Ltd., et al.
Case no. 02-23425-CIV-MARTINEZ / DUBÉ

## ***MEMORANDUM OF LAW***

To invalidate the Doral® mark, Counter-plaintiffs allege in Counts II (Declaratory Relief: Primarily Geographically Descriptive) and III (Declaratory Relief: Merely Descriptive):[1]

> 18.  Since the term "Doral" is primarily geographically descriptive within the meaning of the Lanham Act, 15 U.S.C. § 1052(e), it cannot be exclusively appropriated by KSL or MeriStar, and the federal register should be rectified pursuant to 15 U.S.C. § 1119, by cancellation of the registrations cited above for the term "Doral", and by requiring disclaimer of the term "Doral" from the registrations and applications which include "Doral" as a part thereof.
>
> . . . .
>
> 21.  The term "Doral" is merely descriptive of a characteristic of the goods or services offered by KSL and MeriStar, and the term lacks secondary meaning.
>
> 22.  Since the term "Doral" is descriptive and lacks secondary meaning, it cannot be protected under federal or state law and the federal register should be rectified, pursuant to 15 U.S.C. § 1119, by cancellation of the registrations cited above for the term "Doral", and by requiring disclaimer of the term "Doral" from the registrations and applications which include "Doral" as a part thereof.

Counter-plaintiffs' challenge to the Doral® mark fails as a matter of law. There is no dispute that the Doral® mark is incontestable. See 15 U.S.C. § 1065. An incontestable mark may not be invalidated on the basis of mere descriptiveness. Lanham Trade-Mark Act § 33(b), 15 U.S.C. § 1115(b); Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196-97 (1985) ("Mere descriptiveness is not recognized by either § 15 or § 33(b) as a basis for challenging an incontestable mark."). Nor may "[a]n incontestable mark [] be challenged as lacking secondary meaning; such marks are conclusively presumed to be non-descriptive

---

[1] Count I is a claim for "Declaratory Relief – Invalid Trademark," but Counter-Plaintiff merely alleges in the single substantive allegation in Count I that "the term 'Doral' does not serve as a valid trademark…." This catch-all claim fails for the same reason as the other two claims as set forth below.

3

KSL Hotel Corp. v. Hotel Genpar, Ltd., et al.
Case no. 02-23425-CIV-MARTINEZ / DUBÉ

or have acquired secondary meaning." Soweco, Inc. v. Shell Oil Co., 617 F.2d 1178, 1184 (5th Cir. 1980).

Counter-plaintiffs do not and could not allege in good faith that the Doral® mark should never have been registered in the first place. Instead, Counter-plaintiffs imply that the Doral® mark may no longer be sustained as a trademark given its common use in the area surrounding the Doral® Golf Resort and Spa. The same argument was rejected in the case of another golf resort that had become so popular, the surrounding area took on its name. See Pebble Beach Co. v. Tour 18 I, Ltd., 942 F. Supp. 1513 (S.D. Tex. 1996), affirmed as modified on other grounds, 155 F.3d 526 (5th Cir. 1998). In Pebble Beach, Tour 18 copied golf course holes and service marks from Pebble Beach, Pinehurst and Harbour Town golf resorts. Id. at 1526. Only Pebble Beach Company's mark was incontestable. Id. at 1537. While the court analyzed the evidence of secondary meaning and use for the Pinehurst and Harbour Town marks, the Pebble Beach challenge was readily rejected in a footnote:

> Tour 18 contends that PEBBLE BEACH is a geographically descriptive phrase that requires a showing of secondary meaning to be protectable. However, "[a]n incontestable mark cannot be challenged as lacking secondary meaning; such marks are conclusively presumed to be non-descriptive or have acquired secondary meaning." Soweco, 617 F.2d at 1184. Thus, Tour 18 may not attack the validity of the mark on grounds of geographic descriptiveness; it is presumed to have secondary meaning. Park 'N Fly, 469 U.S. at 195-96, 105 S.Ct. at 662-63.

Id. at n.21.

Counter-Defendant MeriStar's Doral® mark is incontestable. Nothing more is required to dismiss Counter-Plaintiff/Third-Party Plaintiff Hotel Genpar's counterclaims.

**WHEREFORE**, Counter-Defendant, KSL HOTEL CORP. and Third-Party Defendant, MERISTAR H&R OPERATING COMPANY, L.P., move for the entry of

4

KSL Hotel Corp. v. Hotel Genpar, Ltd., et al.
Case no. 02-23425-CIV-MARTINEZ / DUBÉ

Summary Judgment against Counter-Plaintiffs, HOTEL GENPAR, LTD., and HOTEL GENERAL PARTNER, INC. on their Counterclaim and Third Party Complaint.

Dated: January 2, 2004.

<u>LAWRENCE V. ASHE</u> s/
Fla. Bar No. 932280
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
Tel: (305) 357-8420
Fax: (305) 357-8520
Email: lashe@bsfllp.com

Stuart H. Singer
Fla. Bar No.: 377325
BOIES, SCHILLER & FLEXNER LLP
300 S.E. 2nd Street
Ft. Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022
Email: ssinger@bsfllp.com

HAROLD W. HOPP
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
Email: hwh@quinnemanuel.com
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

### *<u>CERTIFICATE OF SERVICE</u>*

**I HEREBY CERTIFY** that a copy of this COUNTER-DEFENDANT AND THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW has been furnished by fax and mail this 2nd day of January,

5

200, to David K. Friedland, Esq., LOTT & FRIEDLAND, P.A., Attorneys for Defendants, 355 Alhambra Circle, Suite 1100, Miami, FL 33134.

s/ <u>LAWRENCE V. ASHE</u>